## ELLIS, Appellant, v. JUDSON et al., Respondents.

### No. 8031; April 11, 1883.

**Quieting Title—Parties—Holders of Subsequent Deeds, With Notice.**—If one conveys land to another by deed of bargain and sale, then conveys it—or assumes to do so—to another who has notice of the former conveyance and who then conveys to still another, having similar knowledge, he is neither a necessary nor a proper party to a suit to quiet title brought subsequently by the grantee named in the first conveyance.

**Vendor and Vendee.—Subsequent Grantee With Notice.**—If one conveys land to another by a deed of bargain and sale and then conveys it, or assumes to do so, to another who has knowledge of the first conveyance, this other takes nothing; a fortiori, the assign of this other takes nothing.

**Quieting Title—Defenses—Subsequent Purchaser With Notice.** To maintain his title against the grantee of A, B, who with knowledge accepts afterward a deed from A of the same property, cannot set up a failure by the first grantee to pay A the price agreed.

**Appeal—Order for New Trial—Conflicting Evidence.**—In a case where the evidence was conflicting an order for a new trial is not to be disturbed.

APPEAL from Superior Court, San Francisco.

M. G. Cobb for appellant; Harmon & Galpin for respondents.

SHARPSTEIN, J.—If, as alleged in the complaint and found by the court, the defendant Judson made and delivered to the plaintiff a deed by which he granted, bargained, sold and conveyed to her the premises in controversy, his subsequent conveyance of the same premises to defendant DeWitt, if he had notice of the prior conveyance, vested no title in him, and his subsequent conveyance to defendant Riley, if he had notice of said prior conveyance to the plaintiff, vested no title in Riley; and the plaintiff, upon such a state of facts, might maintain an action against DeWitt and Riley to quiet her title. To that action the defendant Judson would be neither a necessary nor proper party.

After making such a deed as the court has found that he did make, he certainly retained no interest in the premises in

trust for the plaintiff or otherwise; and we are unable to discover how DeWitt and Riley, or either of them, if they, or either of them, acquired any title by virtue of the deed of Judson to DeWitt, could be held to hold any title or interest in trust for the plaintiff. A prior conveyance of the character that the court found the conveyance of Judson to the plaintiff to be would vest in her a perfect legal title, which would prevail over any subsequent conveyance which Judson could make to anyone having notice of such prior conveyance. The motive for making or taking such subsequent conveyance would be wholly immaterial. The fact of there being a prior conveyance, coupled with the fact that the party taking the subsequent conveyance had notice of the prior one, would be altogether sufficient.

The allegations of fraud and conspiracy are altogether irrelevant. And it was quite immaterial in this action whether the plaintiff had paid Judson the consideration which she had agreed to pay him for his conveyance to her. That was a matter which concerned him and her only, and one in which DeWitt or Riley could have no interest. They would not be proper parties to an action which involved that question, and that appears to be the only question which could be litigated as between Judson and the plaintiff.

It is alleged in the complaint that the deed of Judson to DeWitt purported to grant, bargain, sell and convey the premises in controversy to DeWitt, and that he made a similar deed of the same premises to Riley. As these deeds were made subsequently to that of Judson to the plaintiff, it became material for the court to determine, under the issues raised by the pleadings, whether DeWitt and Riley were bona fide purchasers for value and without notice of the prior deed of Judson to the plaintiff. Upon that issue the evidence is conflicting, and we, therefore, cannot disturb the order granting a new trial.

As the other questions discussed by counsel appear to us to be wholly immaterial, we do not think it necessary to devote any more time and space to the discussion of them.

Order affirmed.

We concur: Thornton, J.; Myrick, J.